PRICE, Judge.
Defendant, Irvin Perry, has appealed from the judgment awarding his former wife, Geraldine Brown Perry, alimony of $30.00 per week.
Plaintiff obtained a divorce from defendant on grounds of adultery on May 24, 1974. Her request for alimony in that proceeding was abandoned in amended pleadings. The instant rule for alimony was filed on November 26, 1974, alleging plaintiff has become unemployed since the rendition of the divorce decree, leaving her without sufficient means for her maintenance.
The record shows that plaintiff was employed at the time of the divorce by Continental Can Company in Hodge, Louisiana, earning a net weekly income of $120.00 per week. Because of a cutback in production at the plant she was terminated on October 18, 1974, and since that time has had no income other than her unemployment benefits of $70.00 per week. According to plaintiff’s testimony her assets consist of an automobile received in the settlement of the community, a mobile home trailer and household furniture. She resides in the trailer which was purchased on terms of credit after the divorce and is obligated to pay monthly installments of $93.00 on the purchase price. To summarize plaintiff’s monthly financial status in accord with her testimony she has fixed monthly expenses of $250.00, leaving her the sum of $30.00 *481 per month from her $280.00 unemployment benefits to purchase food and clothing for herself.
The thrust of defendant’s position on this appeal is that plaintiff is entitled to receive severance pay and to withdraw retirement benefits from Continental Can Company, which together total approximately $2,500.00, and these amounts when added to her other assets are sufficient for her maintenance. Defendant contends “maintenance” is limited to “food, shelter and clothing” and as several of the items of expenses claimed by plaintiff do not fall within this category, they should not be considered in deciding whether she is entitled to alimony under La.C.C. Art. 160.
Although plaintiff had not received the severance and retirement payment from her former employer at the time of trial of this matter, we do not-find the inclusion of this sum in a consideration of her assets would as a matter of law preclude her from being entitled to alimony under the prevailing jurisprudence.
In the decision of this court in Loe v. Loe, 131 So.2d 106 (La.App. 2nd Cir. 1961), a wife who had received $5,000.00 in settlement of the community and had an income of $216.00 per month was found entitled to permanent alimony. The court pointed out a wife is not required to deplete her entire funds on hand to be entitled to alimony, and that the real question is whether the sum on hand, together with the income is “sufficient for the wife’s maintenance:”
Nor is the jurisprudence in accord with the definition of “maintenance” urged by defendant as that term-is used in Article 160. In Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), the Supreme Court defined “maintenance” to be much broader than merely food, clothing and shelter and gave this term a more realistic meaning to include the reasonable living and household expenses of the wife claiming alimony under Article 160. We find the expenses listed by plaintiff to have been properly considered by the trial judge in accord with the Bernhardt decision.
Defendant contends that plaintiff did not offer sufficient proof of her payment of these amounts by producing statements of account or receipts for the various items of recurring expenses claimed. This is a question relating to the sufficiency of the evidence. The trial judge found plaintiff’s testimony and sworn itemized schedule of expenditures which was introduced into evidence to be adequate proof under the circumstances of this case, and in the absence of some evidence to the contrary to cause this testimony to be suspect, we find no error in this regard.
The award of $30.00 per week appears to be in accord with plaintiff’s needs and defendant’s ability to pay. His gross salary is approximately $1,100 per month.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.