356 So.2d 1031 (1977)
Julian F. TABLADA
v.
Catalina B. Saiz TABLADA
No. 11722.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*1032 Birch P. McDonough, New Orleans, Joseph F. Keogh, Baton Rouge, of counsel for plaintiff-appellant.
Robert L. Roland, Baton Rouge, of counsel for defendant-appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff has appealed from judgments making executory $4,600.00 past due alimony and reducing alimony to $1,000.00 per month.
The issues are the amount of the past due alimony and the amount of the monthly alimony.
We affirm.
In the judgment of divorce, by agreement of the parties, the amount of monthly alimony payments was set at $1,400.00. Plaintiff made one full payment and two partial payments of $500.00 each. By the time the rules, one to reduce alimony and one to make executory the past due amounts, were heard, two additional payments had become due and unpaid. The court reserved ruling on the objection to the consideration of the two full months' alimony. When judgment was rendered the judge made executory the full amount. Plaintiff complains that only $1,800.00 should have been awarded because the rule to reduce alimony had already been filed and was pending and because only the alimony then past due was prayed for.
On the question of the payments accrued after the rule had been filed plaintiff pointed to the possibility of the retroactivity of reduction, but did not object to the reception of evidence thereon. As a matter of fact, it was stipulated that no payments had been made after the two partial payments. The court has much discretion to make or refuse to make a reduction retroactive. Vinson v. Vinson, 292 So.2d 763 (La. App. 4th Cir., 1974). Under the circumstances we find no abuse of discretion.
Plaintiff urges that the trial court erred in not relieving him of the obligation to pay alimony.
LSA-C.C. Article 160 [1] governs the award of alimony after a divorce. LSA-C.C. Article 232[2] provides for a change in an alimony award when the circumstances change. See Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973).
The appellant first argues that he is unable to pay the alimony. The appellant received over $210,000.00 when he severed his relationship with the corporation of which he was a founder, only a few days before the divorce. This total represented not only the value of his shares of stock but also reimbursement for salary, consultant *1033 fees, or a bonus for the years of 1970 through 1976, at his option. Appellant has remarried and has incurred additional liabilities, including an investment of $60,000.00 in a new business. However, voluntary indebtedness is not, in and of itself, grounds for finding that the appellant is unable to pay. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). The evidence also shows that the alimony payment is one of the few debts that Mr. Tablada has failed to take care of. We cannot say that the Trial Judge abused his much discretion in finding that appellant is able to pay permanent alimony.
The appellant next argues that the wife has sufficient means for her own maintenance. She is receiving $150.00 every two weeks as pay for being a member of the board of directors of a corporation; her medical insurance is paid by this corporation; she owns stock in the corporation which had a value of almost $16,000.00 at the time of the dissolution of the community; and she is earning $500.00 per month while working in a dentist's office. She testified that she owed $144.00 per month of the home mortgage transferred to her in the community property settlement. She has purchased a new car on which she owes notes for the next three to four years. There is some testimony by her that she has appointments with a doctor in the future to evaluate a cancer condition. She claims that this puts her ability to work in immediate jeopardy. However, she failed to introduce any evidence as to the prognosis of her ailment.
The only substantial change in her circumstances is her $500.00 per month salary she had drawn for only three weeks. The court lowered the alimony $400.00 per month. Considering the uncertainty of her continued employment and the ambiguity as to whether the salary was gross or net, we cannot say the lower court erred.
We therefore affirm. The costs are to be paid by the appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. Article 160

"Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries. (As amended Acts 1964, No. 48 § 1.)"
[2] LSA-C.C. Article 232

"Art. 232. When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."