381 So.2d 1284 (1980)
Sylvia Tate LANGHAM, Plaintiff-Appellee,
v.
Thomas Franklin LANGHAM, Defendant-Appellant.
No. 14058.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
Rehearing Denied April 3, 1980.
*1285 Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for defendant-appellant.
James E. Franklin, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN, JONES and McCLENDON, JJ.
En Banc. Rehearing Denied April 3, 1980.
MARVIN, Judge.
The husband appeals, contending the monthly alimony pendente lite award is excessive. We agree and reduce the $800 award to $500.
The wife's affidavit lists monthly living expenses totaling $1,800. Her net salary is $800 per month. Some of her expenses are duplicates of what the husband lists in his affidavit as his monthly installment obligations. These include:

Her car note $260
Miscellaneous expenses (such
as monthly payments to
department stores) 140
 ____
Total $400

The trial court's award of $800 per month, with the wife's net salary, affords her $1,600 per month, or 8/9 of her claimed expenses. If the $400 duplication is deducted, her claimed expenses total only $1,400 per month. Using the lower court's proportion, the wife should be entitled to 8/9 of $1,400, or $1,250 per month. An award of $500 results in the wife having a net spendable income of almost $1,300 per month and achieves a comparable proportionate result as reached below. Of course, it is presumed that the husband is primarily obligated for the expenses which we have considered as duplicate listings.
The wife is entitled to be maintained in the lifestyle which she enjoyed prior to the separation. The 1979 amendment to CC Art. 148, in response to Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), does not change the husband's obligation for alimony pendente lite. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir. 1979). Ordinarily, we do not disturb alimony pendente lite determinations made by the trial court, but here there was an obvious duplication of some items on the expense lists of the litigants.
Under these circumstances, with the benefit of factual conflicts being afforded the wife, she is nonetheless entitled to at least $1,250 per month in spendable income. Accordingly, the alimony pendente lite is amended to reduce the monthly award from $800 to $500, which will achieve the result.
As amended, judgment below is AFFIRMED. Cost is assessed one-half to appellant and one-half to appellee.
PER CURIAM DENYING REHEARING
No suspensive appeal lies from a judgment awarding alimony. CCP 3943. Even though that judgment may be amended on appeal, its effect continues until the appellate court judgment becomes final. Tisby v. Tisby, 382 So.2d 1053 (La.App.2d Cir. 1980); Frederic v. Frederic, 302 So.2d 903 (La.1974); Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir., 1979).
Applications for rehearing are denied.