McClendon, Judge.
The defendant husband appeals from that part of a child custody judgment awarding plaintiff wife child support in the amount of $130 per month per child. Plaintiff-ap-pellee filed in this court a plea of mootness of the appeal. This plea has merit.
The plaintiff-appellee was granted judgment on July 2,1979, awarding her the custody of the parties’ two minor children and child support of $130 per month per child beginning July 1, 1979. While appellant’s appeal was still pending, a final judgment of divorce was rendered on November 20, 1979, in favor of appellant, wherein no mention was made of child support.
Under these circumstances we find that the final judgment of divorce, which failed to continue child support, terminated the child support awarded in the judgment ap *1054 pealed from. The decision of our Supreme Court in White v. Morris, 236 La. 767, 109 So.2d 87 (1959), where this precise issue was presented, supports this finding.
In that case the plaintiff wife contended that since there is a continuing obligation on the part of the defendant to support the children under Article 158 of the Louisiana Civil Code, the award of alimony pendente lite for the support of the minor children does not cease upon the rendition of a final judgment of divorce, although it makes no provision for the payment of alimony. In answer to this contention, the court said:
It is well settled that a judgment requiring payment of alimony pendente lite is automatically terminated and of no further effect after the rendition of a final decree of divorce. Bowsky v. Silverman, 184 La. 977, 168 So. 121; Bienvenue v. Bienvenue, 186 La. 429,172 So. 516; Eals v. Swan, 221 La. 329, 59 So.2d 409. Although the dissolution of marriage does not dissolve the obligation of support for the children, yet this obligation must be judicially enforced and until that is done there can be no recovery of alimony. The alimony awarded during the pendency of a suit for divorce ceases upon the rendition of a final judgment of divorce. Bowsky v. Silverman, supra. In the Bow-sky case the alimony awarded pendente lite was not only for the support of the wife but for the support of a minor son.
Having thus concluded, there is no reason to consider the question of the correctness of the trial court’s judgment as to amount, because that question is moot under the rationale of Bruner v. Bruner, 373 So.2d 971 (La.App.2d Cir. 1979), Frederic v. Frederic, 302 So.2d 903 (La.1974).
These cases hold that since there is no suspensive appeal from a judgment awarding alimony (La.C.C.P. 3943), the effect of the judgment continues during appeal until the judgment of the appellate court reversing or amending the award becomes final.
In the present case, therefore, since the effect of the judgment awarding the alimony for support of the children was terminated by the subsequent divorce judgment rendered before this appeal could be considered, it would be an exercise in futility for us to review the correctness of the earlier awarded amount. Even if we were to determine that the trial court had abused its much discretion, we would not be required or inclined to make the effective ■date of any reduction found appropriate retroactive to the date of the original judgment making the award. Rains v. Rains, 376 So.2d 1298 (La.App.2d Cir. 1979). Also, Frederic, supra.
For these reasons this appeal is dismissed as moot, at appellant’s cost.