395 So.2d 899 (1981)
Carol L. SHELTON, Plaintiff-Appellee,
v.
Jack Merrill SHELTON, Defendant-Appellant.
No. 14442.
Court of Appeal of Louisiana, Second Circuit.
February 16, 1981.
Rehearing Denied March 27, 1981.
*900 Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for defendant-appellant.
Burnett, Sutton, Walker, Callaway & Smith by Bobby D. Sutton, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied March 27, 1981.
PRICE, Judge.
Jack Shelton has appealed from that portion of the judgment of divorce which awarded his wife, Carol Henri Lipka Shelton, permanent alimony in the amount of $300 per month. We find no abuse of the trial court's discretion and affirm.
Appellant's principal complaint on appeal is that the trial court did not make a separate determination of alimony at the time of rendition of final divorce on June 26, 1980, but merely continued the same amount previously fixed for pendente lite alimony on May 21, 1980. He contends this was error as the multiple factors to be considered for permanent alimony under La.C.C. Art. 160 are much different from the standard set forth by Art. 148 providing for pendente lite alimony.
Appellant is correct in his argument as to the law in this regard. However, there is no showing that the trial court did not properly apply the standards of Art. 160, as amended in 1979, in continuing the sum of $300 per month. The evidence clearly shows appellee's needs exceeded the appellant's ability to pay in both instances. The trial court apparently determined the $300 amount was an equitable means of balancing the interests of both parties.
There is no merit to appellant's contention that appellee has not shown she is in need because her mother has been and may continue to provide for her food, shelter, and clothing. The record shows this was by necessity. The financial assistance provided by a parent under such circumstances certainly does not relieve a spouse of the obligation of support to the other spouse after divorce. See McCole v. McCole, 383 So.2d 55 (La.App. 2d Cir. 1980).
Appellant also contends the trial court did not give any consideration to appellee's capability of obtaining employment. The record shows appellee is preparing herself to take the real estate license examination to provide her suitable employment so that she can continue to care for her invalid mother who has an incurable cancer of the spine. Whether appellee will be successful in passing the exam or when she will begin to receive any meaningful income from such a pursuit is highly speculative. It is apparent the trial court viewed this evidence in this light and gave it little weight. Appellant is not prejudiced in this regard as should appellee later become employed, the judgment can be modified or terminated as the need may be.
The most serious question raised by appellant is whether the court gave proper consideration to his ability to pay. His average monthly earnings in 1979 were shown to have been slightly in excess of $1,100. His net income is shown to be about $800 per month. He has submitted lists of expenses and fixed obligations which if accepted at face value would show an inability to pay almost any sum whatsoever. However, the record shows some of the items on the list of fixed monthly obligations are not being paid by appellant, and that he is referring these items to appellee for payment.
Furthermore, the jurisprudence has followed the theory that "the husband's alimentary obligations toward the wife come before his obligations to his creditors." Galbraith v. Galbraith, 382 So.2d 1042 (La. App. 2d Cir. 1980); Laiche v. Laiche, 237 *901 La. 298, 111 So.2d 120 (1959); Tablada v. Tablada, 356 So.2d 1031 (La.App. 1st Cir. 1977); Moore v. Moore, 380 So.2d 180 (La. App. 2d Cir. 1979).
Likewise it is not error for the trial court to use gross income in applying the one-third rule of Art. 160. Ballard v. Ballard, 367 So.2d 1220 (La.App. 2d Cir. 1979).
In view of the above jurisprudence and the circumstances shown, we find no abuse of the discretion of the trial court in fixing the alimony at $300 per month.
For the foregoing reasons the judgment is affirmed. Costs of this appeal are assessed to appellant.
FRED W. JONES, Jr., J., dissents and assigns written reasons.
FRED W. JONES, Jr., Judge, dissenting.
The record in this case establishes that at the time of the trial appellee had no income and needed in excess of $300 per month for her maintenance. However, once this determination is made, Louisiana Civil Code Article 160 expressly requires that in fixing the amount of permanent alimony the trial judge must consider the claimant spouse's earning capacity together with the income, assets and financial obligations of the other spouse.[1]
Appellant's itemized list of monthly expenses includes the following:

 $ 290.07 taxes withheld
 100.00 housing
 125.00 food
 125.00 child support payment
 47.00 utilities
 50.00 automobile expenses
 300.66 fixed monthly obligations,
 ________ to banks, etc.
 $1037.73 total

Deducting this from the monthly salary of $1083.33 leaves a balance of $45.60. Adding the bonus received by appellant for the prior year would give him a total of less than $100 per month.
The record also shows that appellee, who has no children, was employed as a salesperson in a Shreveport department store earning a monthly salary of $750 until that employment was terminated in January 1979. She had not been gainfully employed since that time but had promise of employment with a real estate firm contingent upon passing a State Board test. If this job did not materialize she planned to seek employment elsewhere. Appellee was in good health, had two years of college and had also attended a marketing institute.
It is recognized that the trial judge has broad discretion in fixing an award for permanent alimony. However, that discretion must be exercised with due regard for and appropriate weight assigned to those factors specifically set forth in Article 160 as criteria to be followed in fixing the award. Loyacano v. Loyacano, 358 So.2d 304 (1978); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948); Jones v. Jones, 200 La. 911, 9 So.2d 227 (1942).
After examining the record, I have concluded that neither the trial judge nor the majority has placed proper emphasis upon the magnitude of the appellant's financial obligations and their effect upon his ability to pay permanent alimony. The cases cited by the majority in support of the proposition that "the husband's alimentary obligations toward the wife come before his obligations to his creditors" are inapposite. The obligations considered in Laiche and Tablada were incurred subsequent to the alimony award. Here the bulk of appellant's debts were incurred during his marriage to appellee. Galbraith dealt with alimony pendente lite rather than permanent alimony. In the Moore case the husband's obligations were a consequence of his neglect and mismanagement. That is not the situation here.
Furthermore, in view of the appellee's educational background, work experience and good health, I do not believe that the trial judge and the majority gave the required weight to her earning capacity.
*902 It appears to me that, upon the basis of this record, an alimony award of $150 would have been in accordance with the balancing requirements of Article 160, and I would have amended the judgment of the trial court to effect this change.
For these reasons, I respectfully dissent.
NOTES
[1] Article 160 was amended in 1979 to specifically mandate consideration of these factors by the courts in awarding permanent alimony.