NORRIS, Judge.
James Jewell Hamiter appeals a judgment making past due alimony pendente lite executory and for attorneys’ fees and costs. We affirm.
This appeal is another in a continuous series of appeals and writ applications arising out of this domestic litigation. On April 2, 1980, Mrs. Hamiter filed for a legal separation, alimony pendente lite, and related relief. This petition was twice amended ultimately seeking a final divorce and permanent alimony. Mr. Hamiter answered the petitions and reconvened seeking a separation on other grounds. The suits involved in this matter were consolidated at the trial court level and on September 25, September 29, and October 1, 1981, the issues of divorce, alimony pendente lite, permanent alimony and permanent injunction were tried. Subsequently, a judgment was rendered which, in addition to granting other relief, awarded Mrs. Hamiter alimony pendente lite in the amount of $2200 per month from date of judicial demand. On November 18, 1981, Mrs. Hamiter filed a rule for contempt which also sought judgment for past due alimony, both pendente lite and permanent, plus attorneys’ fees and costs.
Thereafter, an application for supervisory writs was filed with this court and denied. A motion and order of appeal was filed, the appeal was considered by this court and on August 14, 1982, an opinion was rendered affirming the award of alimony pendente lite and reducing the permanent alimony awarded, making the reduction prospectively effective from the date of the finality of our decision. While the appeal was pending in our court on May 12, 1982, a judgment was rendered in the trial court in the aforementioned rule in favor of Mrs. Hamiter awarding her $16,839.26 for unpaid and past due alimony pendente lite with legal interest thereon from the date each installment became due and awarding $500 for attorneys’ fees and costs. It is from this judgment that Mr. Hamiter suspensively appeals assigning as his only error:
The district court erred in awarding the amount of Sixteen Thousand Eight Hundred Thirty-Nine and 26/ioo Dollars ($16,-839.26) for unpaid and past due alimony pendente lite. In making said award, the district court erroneously enforced an unconstitutional judgment awarding alimony pendente lite.
The crux of Mr. Hamiter’s argument on this appeal is that it is constitutionally impermissible to enforce a judgment awarding alimony pendente lite where the constitutionality of the original award of alimony pendente lite has been questioned but has not yet been finally adjudicated. In connection with this argument, he contends that an unconstitutional law has no effect[1] and that since an unconstitutional law has no effect, a judgment based upon an unconstitutional law cannot be enforced.[2] In essence, he seems to assert the contention that because appellant’s assertion of unconstitutionality has not been finally adjudicated that the judgment in question is not enforceable.
It appears that Mr. Hamiter’s constitutional argument is that La.C.C.P. Art. 3943, which provides for no suspensive appeal from an alimony award, is unconstitutional as applied by Frederic v. Frederic, 302 So.2d 903 (La.1974), and its progeny because this jurisprudence in effect denies him a right of review of the trial court’s determination of the award as required by Article 1 § 19 of the 1974 Louisiana Constitution. At the outset, we note that this identical argument was addressed and disposed of by this court in the appeal on the merits from the trial court’s judgment awarding alimony penden-te lite and permanent alimony. See Hamiter v. Hamiter, 419 So.2d 517 (La.App. 2d Cir.1982). In that opinion, we found that this argument was without merit because this statute is a reasonable and valid legislative restriction on the right of judicial *394 review which is necessary in order that a spouse can be provided support during the pendency of an appeal.
In the present appeal, Mr. Hamiter is obviously contending that the decision of this court affirming the trial court’s alimony pendente lite award is not final because a writ application is presently under consideration by the Louisiana Supreme Court from our earlier opinion and because the judgment appealed from is not final it is unenforceable.
We conclude that the cases cited in support of Mr. Hamiter’s argument[3] are inapplicable to the instant situation because there has never been a holding that La.C.C.P. Art. 3943 is unconstitutional as applied by Frederic. Therefore, until such time as Art. 3943 is declared to be unconstitutional or unconstitutionally applied, it must be given legal effect. This is particularly true in light of the well established principle that a statute is presumed to be constitutional. See Factors’ & Traders’ Ins. Co. v. City of New Orleans, supra.
Clearly, under La.C.C.P. Art. 3943 no sus-pensive appeal lies from a judgment awarding alimony. Even though the judgment making such an award may be amended on appeal, its effect continues until the appellate court judgment becomes final. Frederic v. Frederic, supra; Tisby v. Tisby, 382 So.2d 1053 (La.App. 2d Cir.1980); Langham v. Langham, 381 So.2d 1284 (La.App. 2d Cir.1980); Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir.1979). Under the existing jurisprudence, we find Mr. Hamiter’s argument to be without merit.
Because under the existing jurisprudence, an alimony award remains in full force and effect until such time as a judgment by an appellate court modifying or eliminating the award becomes final, Mrs. Hamiter was not precluded from filing a rule to make the accrued alimony pendente lite due and owing executory. Mr. Hamiter makes no effort to question the right of his former wife to cumulate the award nor has he at any point questioned the accuracy of the amount found to be due and owing.
Accordingly, for the foregoing reasons, the judgment of the trial court awarding the past due alimony is affirmed at the cost of appellant.
JUDGMENT AFFIRMED.

. State v. Cormier, 171 La. 1035, 132 So. 779 (1931); Factors’ & Traders' Insurance Co. v. City of New Orleans, 25 La.Ann. 454 (La.1873).

. Flournoy v. First National Bank of Shreveport, 197 La. 1067, 3 So.2d 244 (1873).

. See footnotes 1 and 2, infra.