HALL, Judge.
This appeal presents a unique factual situation from which questions have arisen concerning not only the propriety of the trial court’s reduction in the amount of its original alimony award, but also the date from which a properly reduced alimony award should be due. In granting a divorce between the defendant-appellant, Jack Harold Kaplan, and the plaintiff-ap-pellee, Florida Sercarz Kaplan, the trial court originally set alimony pendente lite at $2,100 per month and permanent alimony at $1,700. Mr. Kaplan appealed this judgment, but subsequently filed a motion in the trial court for reduction of alimony. In April 1984, before a decision on Mr. Kap-lan’s appeal was rendered, the trial court ruled on the motion for reduction, and ordered Mr. Kaplan’s permanent alimony payment reduced from $1,700 per month to $1,279.96 per month and alimony pendente lite reduced from $2,100 per month to $1,575 per month. Mr. Kaplan’s appeal from that judgment is the appeal presently before this court.
The facts in this case are complicated by this court’s decision on Mr. Kaplan’s initial appeal — a decision handed down in June 1984 subsequent to the trial court’s judgment reducing alimony. This court’s now final decision, Kaplan v. Kaplan, 453 *880 So.2d 1218 (La.App. 2d Cir.1984), writs denied 458 So.2d 484 (La.1984), hereinafter referred to as Kaplan I, affirmed the granting of the Kaplan’s divorce, and reduced the trial court’s original awards of $1,700 per month in permanent alimony and $2,100 per month in alimony pendente lite to $750 per month each.
In the present appeal, Mr. Kaplan is contesting the amount by which the trial court reduced his alimony payments. He requests a further reduction in payments, and requests retroactive application of the proposed reduction. Because the trial court erred in assessing the amount of payments due, a lower monthly payment is recognized as proper; retroactive application of the reduction to that period of time prior to the date upon which Kaplan I became final is denied.

The Issues Presented

The two issues presented on appeal are:
(1) Did the trial court properly reduce its original alimony award?
(2) From what date is the reduced alimony award effective?

The Reduction in Alimony

Since Mr. Kaplan’s divorce is now final, the question of the proper amount of alimony pendente lite is moot. Only the propriety of the trial court’s reduced permanent alimony award is before the court.
As previously stated, the trial court, without the benefit of this court’s Kaplan I opinion, reduced the permanent alimony payments from $1,700 per month to $1,279.96 per month. Shortly thereafter in Kaplan I, this court concluded that permanent alimony should be reduced from $1,700 per month to $750 per month. At the trial of the rule to reduce alimony, the trial court had more recent financial data available than was considered by this court in Kaplan I. Nevertheless, both courts’ calculations of Mr. Kaplan’s average monthly income were approximately the same. The trial court arrived at $3,839.89 as the average monthly income, while this court found an average income of approximately $4,000 per month. The trial court simply took one-third of $3,839.89 in calculating Mr. Kaplan’s permanent alimony payment to be $1,279.96 per month. This court, however, noted in Kaplan I that Mr. Kaplan owed approximately $175,000, and was obligated to pay over $3,300 per month for necessary expenses that did not include any sum for food and clothing for Mr. Kaplan and his then minor son, and did not include any sum to be paid on the principal of extensive bank notes owed by Mr. Kap-lan. This court found that the trial court’s original award was excessive since it failed to adequately consider Mr. Kaplan’s substantial community debts and fixed expenses. Similarly, in the instant case, the trial court’s reduction in permanent alimony was insufficient since the debts and expenses did not receive adequate consideration.
In the judgment now being appealed, the trial court found Mrs. Kaplan’s needs remained about the same while Mr. Kaplan’s income for 1983 was lower than his average over the preceding four-year period. However, Mr. Kaplan, when explaining the difference between his earnings in 1982 and 1983, admitted that he had spent the first part of 1983 preparing for trial of his case, and that prior to November 1983, he had been depressed and had not been working as well as usual. Mr. Kaplan’s explanation of his decrease in earnings indicates that the decrease in income was temporary, and that his overall financial situation has not changed significantly from his situation as analyzed in Kaplan I. Thus, this court holds that the $750 per month in permanent alimony payments ordered in our now final opinion in Kaplan I remains the proper amount due.

The Effective Date of the $750 Per Month Alimony Payments

In Kaplan I, this court stated:
“It is well settled that an appellate court judgment modifying an alimony award can have prospective effect only. Frederic v. Frederic, 302 So.2d 903 (La. 1974); Bruner v. Bruner, 373 So.2d 971 *881 (La.App. 2d Cir.1979); Hamiter v. Hami-ter, 419 So.2d 517 (La.App. 2d Cir.1982).”
The second problem arising under the unique facts of this case is the date from which the $750 per month permanent alimony payments are due. Appellant takes the position that the rule of the Frederic, Bruner, and Hamiter line of cases is incorrect, and that the present decision reducing the amount fixed in the trial court’s modification judgment should be applied retrospectively to the date of that judgment. Appellee takes the position that this court’s reduction of payments in Kaplan I is essentially without any effect whatsoever since the trial court had already rendered a subsequent judgment modifying permanent alimony payments before this court’s decision reducing the original amount was rendered and became final. This view leads to the conclusion that the $1,279.96 per month ordered by the trial court is the amount in effect at present, and from this conclusion one may then argue that under the rationale of Frederic and Bruner, supra, the payments of $750 per month now recognized as proper constitute a further reduction that will not go into effect until this opinion becomes final. Frederic and Bruner arguably support such a result since both hold that no sus-pensive appeal lies from a judgment awarding alimony (LSA — C.C.P. Art. 3943), and that the effect of such a judgment continues during appeal until the appellate court judgment reversing or modifying the award becomes final.
The appellate decision in Kaplan I establishing alimony at $750 per month became final on October 26, 1983, and became effective on that date in lieu of the original alimony award by the trial court. Thus, the instant opinion’s recognition of $750 per month as the proper permanent alimony award should be viewed as a reaffirming of a previous award, while the trial court’s modifying judgment, rather than being viewed at the present time as a reduction of a previous award, should now be viewed as an unwarranted increase over the judgment prescribed in Kaplan I. Since both courts are in agreement to the extent that a comparison of Mr. Kaplan’s financial condition at the time of the trial court’s first award with his condition at the time of the trial court’s modification of the award calls for no increase in payments, it would be both illogical and inequitable to allow the $1,279.96 per month payments ordered by the trial court to continue beyond October 26, the date Kaplan I became final. To do so would be to totally negate any effect of the Kaplan I decision.
The present decision reducing the modified trial court award of $1,279.96 per month to $750 per month shall be effective retrospectively to October 26. This holding represents a narrow exception to the rule of Frederic and Bruner, limited to the peculiar facts of this case. However, to the extent that the present decision is not applied retrospectively to the date of either the original trial court judgment or the modifying trial court judgment, but is only applied prospectively from the date Kap-lan I became final, the present opinion denies retrospective recovery of previously paid alimony, and follows the rule of Frederic and Bruner.
In accordance with the reasons set forth above, the judgment of the trial court awarding $1,279.96 per month in permanent alimony is reduced to $750 per month permanent alimony from and after October 26, 1984. All costs of these proceedings are assessed to the plaintiff-appellee.