317 So.2d 691 (1975)
Mrs. Marsha Swofford JOHNSON, Plaintiff-Appellant,
v.
John James "Ned" JOHNSON, Defendant-Appellee.
No. 12628.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
Rehearing Denied September 3, 1975.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Bice, Wiley & Russell by Charles B. Bice, Winnfield, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied September 3, 1975.
PRICE, Judge.
In the separation proceeding brought by Marsha Swofford Johnson against her husband, John James Johnson, plaintiff was awarded the sum of $300 per month following trial of a rule for alimony pendente lite. She has appealed this judgment, contending the trial judge abused his discretion in not awarding a sum sufficient to maintain her in the style she had been accustomed to during the marriage.
The record shows these parties were married on June 30, 1971, in Las Vegas, Nevada, and were separated on August 3, 1973. During the marriage they resided in Winnfield, Louisiana, where defendant was a prominent businessman and owned extensive properties. No children were born of the marriage. Plaintiff testified they enjoyed a rather high standard of living which included considerable travel and entertainment. According to her testimony the apartment used as their matrimonial domicile was situated in a hotel owned by defendant and was very comfortably furnished. She was of the opinion the rental value on such an apartment would be about $200 per month. Domestic help was furnished to assist her in maintaining the apartment. She was provided with a 1972 El Dorado Cadillac automobile for her personal use by one of defendant's businesses.
She further testified her husband traveled extensively in connection with his *692 business and she accompanied him regularly and was given the best in accomodations and entertainment. She contends she was allowed to purchase expensive clothing in New Orleans where they were regular visitors.
Since the separation plaintiff testified she has rented an apartment in Bossier City at $275 per month and at the time of trial of the rule she was unemployed. She continued to have possession and use of the Cadillac automobile. Her list of estimated living expenses totaled $905 per month.
Plaintiff submitted a financial statement prepared and signed by defendant on June 1, 1973, showing his net worth to be $1,289,980.00.
Although defendant did not testify on trial of the rule, his attorney filed on his behalf an income tax return showing his gross income from all sources for the year 1972 to be $12,570.00. Based on this evidence defendant contends the trial judge correctly awarded $300.00 a month to plaintiff and asserts the correctness of the trial judge's findings that the award is commensurate with defendant's income and ability to pay and that it sufficiently provides for plaintiff.
Plaintiff's counsel contends the sum awarded is grossly inadequate to allow plaintiff to live as she had during the marriage and that defendant has ample separate funds and resources which he is obligated to use to provide for his wife during the pendency of these proceedings.
LSA-C.C. Art. 148 provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
In Cabral v. Cabral, 245 So.2d 718, 720 (La.App. 4th Cir. 1971), the wife's rights under this article are concisely stated as follows:
"Alimony pendente lite being a judicial enforcement of the husband's obligation to support his wife during the existence of the marriage, where justified by the facts (and each case is dependent upon its own facts), the wife is entitled to such alimony in an amount sufficient to maintain her in a style comparable to that which she enjoyed prior to her separation from her husband by reason of his means and position. * * *
"Where the wife, who is a litigant in a suit for separation from bed and board, has no income of her own, she is not required to obtain employment in order to support herself; the law imposes the obligation of support upon the husband."
We find the jurisprudence also to support the plaintiff's argument that the court is required to consider all of the assets of the husband in deciding his ability to pay the sum needed by the wife for her support during the pendency of separation or divorce proceedings. King v. King, 255 So.2d 225 (La.App. 1st Cir. 1971); Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936).
The financial statement of defendant shows he possesses cash on hand of some $32,000.00, and has accounts receivable and marketable stock of approximately $300,000.00.
It is therefore apparent defendant has ample ability to pay a sum in excess of that awarded by the trial court.
Under present economic conditions we do not consider the sum of $300.00 sufficient to support plaintiff in the manner or style provided her by defendant while these parties were living together. Although we *693 are reluctant to disturb the discretion vested in the trial court in fixing the amount of alimony, we conclude he has erred in this instance.
The judgment appealed from is therefore amended to increase the sum awarded plaintiff as alimony during the pendency of these proceedings to the sum of $600.00 per month, and as amended is affirmed. Costs of this appeal are assessed to defendant.