382 So.2d 1042 (1980)
Gary K. GALBRAITH, Plaintiff-Appellee,
v.
Sally Jane McCowen GALBRAITH, Defendant-Appellant.
No. 14091.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Kennedy, Goodman, Donovan & Parnell, by Robert J. Donovan, Jr., Shreveport, for defendant-appellant.
Whitmeyer & Glassell by Claudius E. Whitmeyer, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
MARVIN, Judge.
The wife who quit her employment and returned to Houston after she was served with her husband's petition for divorce, appeals, seeking to increase a judgment on a rule awarding her $350 monthly alimony pendente lite. She contends the amount is abusively low and was based on the legally erroneous factors that she had the capacity to earn a wage and that she had lived with her husband only a "short duration" (three and one-half years).
In answer to the appeal, the husband urges that we should sustain, or order a remand to allow the trial court to sustain, the husband's peremptory exception of no *1043 right of action which he filed in this court after the appeal was taken. His exception is grounded upon the allegation that because his alleged wife was not divorced from her first husband at the time he married her (the divorce judgment having been signed only one day later), his marriage is a nullity. CCP 2163.
We amend to increase alimony pendente lite and, as amended, affirm the judgment.
These parties were married in April 1976 and lived together until August 16, 1979, when the husband moved out of the family home and sued for divorce. The wife was then working as a bookkeeper earning about $800 per month. After being served with process she moved from Shreveport to her mother's home in Houston and brought a reconventional demand for separation. Excluding the living expenses of her child by a previous marriage, she lists $800 as her monthly living expenses. Although she does not pay rent to her mother, she includes $162.50 as rental expense.
The husband has a monthly gross income of $2,200 as an airplane pilot. He is contemplating taking bankruptcy for the second time in six years because he and his wife have lived beyond their means and he claims that his installment and other obligations are equivalent to or are in excess of their once combined net income. Nevertheless, the husband's alimentary obligations toward the wife come before his obligations to his creditors. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Tablada v. Tablada, 356 So.2d 1031 (La.App.1st Cir. 1977); Moore v. Moore, 380 So.2d 180 (La.App.2d Cir. 1979). He owns property other than the family home and is occasionally reimbursed for expenses when away from home.
The wife's complaint about the legally erroneous factors has merit. The trial court stated "for the record" that consideration had been given to the two factors complained of in arriving at the award.[1] Neither the brevity of the marriage (Cordaro v. Cordaro, 168 So.2d 886 (La.App.2d Cir. 1964)) nor the wife's capacity to earn a gainful wage (Ward v. Ward, 339 So.2d 839 (La.1976)) are factors to be considered in setting alimony pendente lite.
The considerations are statutorily given:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse." CC Art. 148.
Here the husband has the means, however strained, and the wife, who is unemployed and is without sufficient income, has the need. A proportionate sum for the wife's support should be allowed, notwithstanding the brevity of the marriage or the capacity of the wife to earn.
Rather than remand, we deem that $500 per month alimony pendent lite is properly proportionate in these circumstances.
*1044 The proof of the ground of the husband's peremptory exception (that the marriage is null) does not appear of record and we do not consider the exception here. CCP Art. 2163. See Cortes v. Fleming, 307 So.2d 611 (La.1973).
The judgment appealed is amended to increase the alimony pendente lite to $500 per month, and, as amended, at appellee's cost, is AFFIRMED.
NOTES
[1] "In pre-trial this morning, your honor indicated thatand I don't want to mis-quote your honor, but you made the statement that you didn't feel like that Mrs. Galbraith was entitled to a large sum . . . and you indicated that by reason of the short duration of the marriage and by reason of the fact that she had worked in the past rather recently and had this earning capacity that your honor felt like she was not entitled to a normal sum that she would be entitled to had the marriage been longer; had she not had this work experience.

"I would address myself to those remarks at this time. * * *
"The Court: I think it is unusual that the comments of the pretrial conference are made a part of the record. However, I intended to state for the record the two factors that you have mentioned, which are two of the factors which I have taken into consideration in arriving at the award.
"There are, of course, many factors that any judge must take into consideration, and for that reason, the Courts have been given considerable latitude to try to determine what is fair under the circumstances.
"These are two of them, I think. I may be incorrect, but the Court feels that, having heard all of the testimony that either side wished to put on, that an award of $350 per month is adequate for Mrs. Galbraith's alimony pendente lite."