390 So.2d 927 (1980)
Billie June ARRENDELL, Plaintiff-Appellant,
v.
Donald E. ARRENDELL, Defendant-Appellee.
No. 14291.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1980.
*928 James B. Wells & Associates by A. R. Snell, Bossier City, for plaintiff-appellant.
Bethard & Davis by Walter E. Dorroh, Jr., Coushatta, for defendant-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
HALL, Judge.
Mrs. Arrendell appeals from a judgment of the district court awarding her alimony pendente lite of $750 per month, specifying that the district court erred in taking into account her earning capacity when she was not employed and had no earnings. We agree with the appellant and amend the judgment to increase the award to $900 per month.
The evidence is that Mr. Arrendell has a net income of $1,750 per month from his employment. Mrs. Arrendell is not employed and has no income. Mr. Arrendell's expenses are $950 per month and Mrs. Arrendell's listed expenses are $1,450 per month. Mrs. Arrendell had several years of college, made good grades, but did not graduate. The only employment she had since the parties married in 1954 was occasional temporary secretarial or clerical work making near minimum wages, and she had not worked at all for about three years prior to the parties' separation.
In perceptive oral reasons for judgment given from the bench at the conclusion of the trial of the alimony rule, the trial court stated:
"The way the law used to work, the wife was entitled to be supported in the style which she has grown accustomed. I think if there is plenty of money, that's still the law, but I think if money won't *929 stretch, I don't think the wife is entitled during the period of separation to live better than the husband. Stated another way, I believe the law used to be the wife, during the period of separation, was entitled to live better than the husband. I don't think that is, will be, or should be the law in the future. I think what you try to do when you have a decent amount of money but not plenty of money, as I would characterize this case, is to try to equalize the circumstances. I think you also have to consider employability. I think Mrs. Arrendell has the ability to net about $250.00 a month under current circumstances and current situations. And if I award her $750.00, that will put them both in the vicinity of a thousand dollars a month which, considering the way they've both been living, is bare bones for both of them and should be unsatisfactory to both, which is one of the definitions of a decent alimony award....
"I would also like to state for the benefit of the court of appeal if they disagree with me on where the law is or ought to be or will be that I believe, I would have awarded a year and a half or so ago at least $950.00 or at least $900.00 rather, perhaps $950.00, on this same case."
By Act 72 of 1979, the Louisiana legislature amended both LSA-C.C. Art. 148, dealing with alimony pendente lite, and LSA-C.C. Art. 160, dealing with alimony after divorce. Both articles were amended to allow alimony to either spouse, not just the wife. Additionally, the amendment to Article 160 effects a significant change in the law by mandating the trial court to consider the earning capacity of the spouses, and specifically the earning capability of the claimant spouse, in determining entitlement to and the amount of post-divorce alimony.[1] The amendment thus constitutes a legislative overruling of the holding in Ward v. Ward, 339 So.2d 839 (La.1976) and Favrot v. Barnes, 339 So.2d 843 (La.1976) that the claimant wife's earning capacity could not be considered in determining her entitlement to or the amount of alimony after divorce.
The amendment to Article 148, on the other hand, made no changes in the criteria for determining entitlement to or amount of alimony pendente lite. Prior to amendment the article read:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
Article 148 now reads:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
Thus, the only changes to Article 148 were to allow the trial court to award alimony *930 pendente lite to either spouse, not just the wife, and to change the word "shall" to "may".
The fact that the legislature did not change the criteria for determining entitlement (insufficient income for maintenance) or amount (a sum for support proportioned to the needs of the claimant spouse and the means of the other spouse) of alimony pendente lite while at the same time, in the same act, it changed substantially the criteria for determining alimony after divorce, including a specific mandate to consider earning capacity or capability of the claimant spouse, strongly indicates that the legislature did not intend the changes made in Article 160 to be applicable to Article 148. There was no legislative overruling of the cases interpreting the significant terms of LSA-C.C. Art. 148. Therefore, the criteria of Article 148, as interpreted in prior cases, remain unchanged except that they are now to be applied in a gender-neutral manner.
In cases decided prior to the 1979 amendment to Article 148, the term "maintenance" was interpreted to mean the style or manner of living enjoyed by the spouses while they lived together. Williams v. Williams, 331 So.2d 438 (La.1976); Abrams v. Rosenthal, 96 So. 32, 153 La. 459 (1923); Johnson v. Johnson, 317 So.2d 691 (La.App. 2d Cir. 1975); Cabral v. Cabral, 245 So.2d 718 (La.App. 4th Cir. 1971). Cases held that, in determining whether the claimant spouse has sufficient income for maintenance, the courts should look to income produced from the spouse's capital assets and to the actual earnings or salary of the spouse. Consistently, the courts rejected the argument that the claimant spouse's earning capacity should be a factor in determining whether the spouse had sufficient income for maintenance. Bilello v. Bilello, 121 So.2d 728, 240 La. 158 (La.1960); Abrams v. Rosenthal, supra; Johnson v. Johnson, supra; Cabral v. Cabral, supra; McMath v. Masters, 198 So.2d 734 (La.App. 3d Cir. 1967); Shapiro v. Shapiro, 141 So.2d 448 (La.App. 4th Cir. 1962).
This court recently considered the issue of earning capacity as a factor in determining alimony pendente lite after the amendment to Article 148. In Galbraith v. Galbraith, 382 So.2d 1042 (La.App. 2d Cir. 1980), we held that neither the brevity of the marriage nor the claimant spouse's capacity to earn a gainful wage are factors to be considered in setting alimony pendente lite. The considerations are legislatively established in Article 148. In Galbraith we found that the husband had the means and the claimant wife, who was unemployed and without sufficient income, had the need. Alimony pendente lite was awarded notwithstanding the capacity of the claimant spouse, there the wife, to earn.
The purpose of alimony pendente lite is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance. Alimony pendente lite is ordinarily determined initially by summary proceedings within a few days after litigation is commenced. The award is usually effective from the date suit is filed. In a sense, it is designed to preserve and continue the status quo insofar as maintenance and support are concerned. It relates to facts as they have existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities. Where one spouse is employed and has income and the other is not employed and has no income, the employed spouse is required to continue to provide for the maintenance of the unemployed spouse in this temporary situation. Where the spouses themselves have, during the marriage, assigned the role of wage earner to one and the role of homemaker to the other, fairness and practicality dictate that the wage earner spouse continue that role during the temporary period of litigation and adjustment. If both spouses are employed, then the income of both is to be taken into consideration. If neither is employed, then perhaps respective earning capabilities should be considered. Earning capability might be considered where a spouse has been regularly employed during the marriage but happens not to be employed at the very moment of *931 trial of the alimony rule, and has the capability of securing employment immediately.
We agree with the trial court's statement that under present law the wife is not entitled to live better than the husband where the money available will not allow them both to continue to live in the style to which they were accustomed while living together. The same would be true where the husband is the claimant spouse. This is entirely consistent with the criteria of the Code article, which allows a sum proportioned to the needs of the claimant spouse and the means of the other spouse.
We are of the opinion, however, that the trial court erred in this case by reducing the amount which it otherwise would have awarded the wife according to her needs and the husband's means by the amount which the court believed the wife was capable of earning. Here, the wife had no income at the time of trial of the rule, had earned no income from employment for at least three years prior to the trial, and had never been regularly employed during the 25 years the parties had been married. In determining the sum to which the claimant spouse without sufficient income was entitled, as of the time the rule was tried, during the litigation period, the capability of the claimant spouse to obtain employment producing some income at a future time was not an appropriate consideration.
In Smith v. Smith, 382 So.2d 972 (La.App. 1st Cir. 1980), the court reached a different result than we reach here, but under different circumstances. There the alimony pendente lite judgment appealed from was rendered prior to the amendments to Articles 148 and 160. The First Circuit found Article 148 prior to its amendment to be unconstitutional and, therefore, that article could not form the basis for an award of alimony pendente lite. To fill the gap in the law created by this holding, the court looked to LSA-C.C. Art. 119 which provides that the husband and wife owe to each other mutually, fidelity, support, and assistance. The court held that the changes in social circumstances which compelled holding Article 148 unconstitutional also compelled an interpretation of Article 119 different from interpretations previously given Article 148. The court held that where no impediment exists to the employment of the wife she should not be entitled to alimony pendente lite unless it is made to appear that she is unable to find employment with which to support herself. The evidence in that case was that the parties had been married less than five months and that the wife had worked both before and during the marriage, although she was unemployed at the time of trial.
The Smith case is distinguishable and not controlling, both because of its facts (the wife had been working prior to the separation) and because it was decided under Article 119 prior to the amendments to Articles 148 and 160. To the extent, however, that the Smith case may be considered as authority for the proposition that, as a general rule not limited to the facts of that case, a wife must show she is unable to find employment as a precedent to obtaining alimony pendente lite under amended Article 148, we disagree with the proposition.
For the reasons set forth above, we will amend the judgment to award the appellant alimony pendente lite of $900 per month, the low-side figure mentioned by the trial court as the amount which he would have awarded without consideration of the wife's earning capacity.
The judgment is amended to increase the amount of the award of alimony pendente lite from $750 per month to $900 per month. As amended, the judgment is affirmed. Costs of the appeal are assessed to the husband, appellee.
Amended, and as amended, affirmed.
NOTES
[1] LSA-C.C. Art. 160 (as amended):

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
"In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
"This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."