MARVIN, Judge.
In this appeal, the wife contends that the award of $300 per month alimony pendente lite in the judgment is insufficient for her needs. We amend to increase the award and affirm the amended judgment.
The wife’s list of her estimated monthly expenses totalled $1,715.00, but she testified that she could “get by” on $1,000 per month. She managed her own gift shop during the marriage but ceased business operations when she left the matrimonial domicile because of alleged threats against her life. She is presently residing in another state with her eldest son and is not employed.
The husband, who was not required to list his estimate of his living expenses, testified that his “net income” through October 1982, was $5,000 from his business as a crop duster and aerial applicator. This figure was based on his having $8,000 in the bank less “bills” totalling approximately $3,000. He answered that his gross receipts for this 10-month period were $41,776.75, claiming that the expenses in his business were very high. He said that he could get by on $2.00 a day for food and that his utility bills totalled about $300 per month. It is unclear whether his electricity bill is for his residence, his business, or both. The telephone in his residence is an extension of his business phone.
The husband has been in the aerial application business for twenty years. He owns 45 acres of land upon which he maintains an airstrip and his house trailer, and owns three airplanes, one of which was recently overhauled and is functional. He also owns several automobiles, including a Toyota which he bought for his wife during the marriage. After the wife left the matrimonial domicile the husband caused another person to recover the Toyota from her at approximately 1:30 one morning. This was done after the wife filed suit and before the rule was heard for alimony pendente lite.
Alimony pendente lite is a temporary remedy to provide maintenance for a spouse who does not have sufficient income for his or her maintenance. Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2d Cir.1980). The considerations to be used in determining the alimony pendente lite are found in CC 148:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.” [Emphasis supplied.]
In Ryan v. Ryan, 401 So.2d 514 at page 516 (La.App. 2d Cir.1981), we held that:
“[t]he word ‘means’ as used in La.CC. Art. 148 refers not only to income but to any *1084 resources from which the wants of life may be supplied and the entire financial condition of the husband must be examined to determine this.”
We have also held that the husband’s obligations to his creditors are primed by his alimentary obligations to his wife. Galbraith v. Galbraith, 382 So.2d 1042 (La.App. 2d Cir.1980).
Arrendell, supra, and Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982), recognized that in some factual situations the earning capacity of the claimant spouse might be a factor that should be considered in determining the valid needs of that spouse. This would be true where neither spouse is employed or where the claimant spouse was employed but is unemployed at the time of the trial and has the capability of securing immediate employment.
Here the wife clearly has needs in excess of $300 per month. Although she was self-employed during the marriage, it is evident that she was forced to close her business through no fault of her own. She listed a $5,000 business debt for inventory and $900 owed to the Winnsboro State Bank. The amount this business earned was not established. She is now unemployed and there is no showing that she has the present ability to obtain employment.
The husband, with over $40,000 gross income for the first ten months of 1982 and other assets, has the means to pay more than $300 alimony pendente lite per month. Even though his income is somewhat unpredictable, he owns other property which can be used to satisfy his alimentary obligation. We must find that the trial court abused its discretion under these circumstances. In amending awards of the trial court to increase alimony, we will increase only to the lowest amount that we would affirm as not being an abuse of discretion. See Coco v. Winston, 341 So.2d 332 (La.1976). The trial court did not pass on the needs of the wife and erroneously determined the means of the husband’s ability to pay alimony pendente lite. C.C. Art. 148.
wife’s expenses included tv H

Under the circumstances shown, we find that $890.00 per month would be reasonably sufficient to satisfy the needs of the wife and is within the means of the husband. Alimony pendente lite is designed to preserve and continue the status quo of the parties. Arrendell, supra.
Accordingly, the judgment is amended to increase the award to $890.00 per month. As amended, the judgment is AFFIRMED, at the cost of appellee.