MARVIN, Judge.
The wife appeals, seeking to increase the award of alimony pendente lite. The trial court awarded $250 per month beginning September 15, 1985, to be increased by $50 each month thereafter until the maximum monthly payment reached $500, declining to make the award effective from the date the separation action was instituted.
The wife complains the award is legally insufficient and should have been assessed from the date of judicial demand. CC Art. 148, LRS 9:310. We amend to increase the award and affirm the amended judgment.
FACTS
The litigants had been married for about 3½ years when the wife instituted her action on June 24, 1985, based primarily on the husband’s habitual intemperance. The husband is an MD, whose physician hospitalized him for substance abuse about a month before the wife filed her action. His hospital privileges were suspended for three months until about October 1, 1985, because of his medical condition. He resumed his medical practice in his clinic about July 1, 1985, limiting his workdays and the number of patients he sees each day on the advice of his treating physician.
Before his hospitalization, he grossed about $20,000 per month from his practice. After his hospitalization, he grossed an average of $11,000 per month for the months of July and August. His office expenses have not proportionately decreased. His practice netted about $5,000 per month during July — September. His list of his personal monthly expenses, which totaled $4,089, included payments for
Insurance $440.98
Medical expenses 335.00
Clothing and shoes 75.00
Linens, bedding expenses 5.00
Laundry & dry cleaning 125.00
Entertainment 50.00
Vacation & recreation 50.00
Gifts & Christmas expenses 40.00
Personal grooming 25.00
Books, magazines, reading material 10.00
Farm loan 1,200.00
Boat loan 350.00
TOTAL $2,705.98
In May 1985, he prepaid $18,000 in principal on his then current farm mortgage (a debt of his separate estate). His listed expenses in the basic living categories are compared with his wife’s list:
*687 HUSBAND WIFE
Housing $ 911.57 $ 350.00
Utilities 530.65 450.00
Food 275.00 300.00
Transportation 58.00 [1] 275.00
TOTAL $1,675.22 $ 1,375.00[2]
The wife' returned to her hometown in Blacksburg, Virginia, after the separation to recuperate from knee surgery arising from injuries sustained as a passenger in the automobile driven by her husband in an accident that occurred in April 1985. She has attempted to earn a living delivering newspapers and painting and carving signs. Her gross income averaged $350 per month for the July-September period.
At the close of the hearing on September 9, the trial court recognized that it had the difficult, unenviable, task of attempting to fashion an alimony pendente award when faced with a shortage of money because of the husband’s diminished earnings. The trial court suggested that each spouse would have to cut or trim certain expenses they had respectively listed and that the wife should “trim” her expenses to about $950 per month.
LAW
A wife is entitled to alimony pen-dente lite under CC Art. 148 in an amount sufficient to maintain her in a style comparable to that which she enjoyed prior to the separation. Staser v. Staser, 347 So.2d 514 (La.App. 2d Cir.1977). The alimony pen-dente lite must be fair and just to both spouses. Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir.1984), writ denied. The means of the husband-obligor to pay pendente lite alimony include his assets and resources and not just his income. Johnson v. Johnson, 317 So.2d 691 (La.App. 2d Cir.1975). The husband’s alimentary obligations to his wife come before his obligations to his creditors. Galbraith v. Galbraith, 382 So.2d 1042 (La.App. 2d Cir. 1980); Clayton v. Clayton, 431 So.2d 1082 (La.App. 2d Cir.1983), writ denied. Payments being made on community obligations may be considered, of course, in determining the husband’s ability to pay alimony pendente lite. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972). If necessary, however, and as the trial court recognized, the husband must reduce his expenses to provide funds with which to pay his alimentary obligation. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir.1979).
In the face of compelling reason, a trial court may elect not to commence alimony pendente lite from date of judicial demand. Hamiter v. Hamiter, 419 So.2d 517 (La.App. 2d Cir.1982), writ denied. We find no error in respect to the date the trial court made its judgment effective.
DECREE
Under the circumstances of this record, however, we must find that the alimony pendente lite award is too low and that the wife is not being maintained in the manner in which she was maintained before the separation. The husband’s “means” are not so scant that he cannot pay just and fair alimony. We amend to increase the award to $750 per month effective from the date this opinion becomes final.
As amended, and at appellee’s cost, the judgment is AFFIRMED.

. The husband listed an indebtedness of his automobile of $7,790 and $58 as the monthly cost for automobile insurance, but did not list any operating or maintenance expense. These expenses may be included in his office expense.

. The trial court in oral reasons, suggested that the wife could "trim” her expenses to "about $950 per month.” Her listed expenses, in addition to the basic living categories shown, were
Insurance $ 50.00
Visa 75.00
Mastercard 75.00
Medical/dental 100.00
Clothing and shoes 200.00
Entertainment 50.QQ
TOTAL $550.00