495 So.2d 315 (1986)
Michael L. GRAVOIS
v.
Janet Marie Harris, Wife of Michael L. GRAVOIS.
No. CA-4536.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
*316 Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Win, Terence L. Hauver, New Orleans, for appellee.
Wallace & Archee, Phillip K. Wallace, Metairie, for appellant.
Before GARRISON, BYRNES and WARD, JJ.
BYRNES, Judge.
By this appeal, appellant Michael L. Gravois seeks reversal of a judgment ordering him to pay $1,500 per month in alimony pendente lite to his wife, Janet Marie Harris Gravois.
Appellant challenges the ruling on several grounds. First he argues that the lower court abused its discretion in awarding any alimony pendente lite. This argument is based on appellant's interpretation of the 1979 amendment of C.C. Art. 148.
Prior to amendment the article read:
"If the wife had not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
Article 148 now reads:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
Appellant argues that in addition to making the article gender neutral and making an award discretionary with the trial judge, the amendment made the claimant spouse's earning capacity a factor to be considered in awarding alimony pendente lite. We agree.
There has been a sharp split in the circuits concerning the use of earning capacity as a factor in determining either entitlement to alimony pendente lite or the amount of such alimony. Compare Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir.1980), Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982).
After careful consideration, it is our opinion that the position taken by the First Circuit in Whipple, supra, provides the most practical and fair means of implementing both the letter and the spirit of C.C. Art. 148. Whipple, analyzed and resolved this question as follows:

Arrendell accepts the traditional view that alimony pendente lite is designed to preserve the status quo insofar as maintenance and support are concerned. The pendente lite period is seen as a time for rehabilitation and if "the spouses themselves have, during the marriage, assigned the role of wage earner to one and the role of homemaker to the other, fairness and practicality dictate that the wage earner spouse continue that role during the temporary period of litigation and adjustment." 390 So.2d at 930. Yet, even Arrendell admits the earning capability of the claimant spouse should be considered if neither spouse is employed *317 or if a claimant spouse has been regularly employed during the marriage but happens not to be employed at the very moment of trial of the alimony rule, and has the capability of securing employment immediately. 424 So.2d at 266.
The court went on to discuss its view of the law as follows:
Aside from the removal of the sex bias in old article 148, the 1979 amendment also changed the word "shall" to the word "may" in providing for an award of alimony pendente lite. Thus, as article 148 now stands, it is discretionary with the trial court to award alimony pendente lite if the petitioning spouse lacks sufficient income for his or/her support. We find the legislative purpose in making the change in wording from "shall" to "may" to have been to effect a substantive change so that the trial court is not always required to award alimony if other factors are present, such as the petitioning spouse's capacity for self support. If it is apparent a claimant has quit work or is only temporarily unemployed, the judge may exercise his discretion and refuse a pendente lite award or give a decreased amount.
We do not believe, however, the trial court must in all cases expect the petitioning spouse to seek employment immediately. Perhaps, as suggested in Arrendell, when the period of alimony is not likely to be of an extended duration, it is improper to require the petitioning spouse to undergo the new and disarming experience of searching out a job. Nor is it required, depending upon attendant circumstances, that the claimant seek just any type job or accept the first job offered. However, it is equally improper to refuse to consider the petitioning spouse's earning capacity altogether, when earning capacity, ease of obtaining a job, the care and supervision of children, and the possible duration of alimony pendente lite are all factors to be considered by the trial court.
It is only after all facts relevant to a discretionary award of alimony pendente lite are considered, including the earning capacity of the petitioning spouse, that alimony pendente lite may be granted to the petitioning spouse.
In our opinion this approach is both sound and reasonable and we therefore adopt this interpretation of the amended article.
Applying this analysis to the facts of the present case, we note that Mrs. Gravois has a B.S. degree and was employed at the time alimony was fixed. The record also reveals that Mrs. Gravois had been employed throughout her marriage to appellant.
Appellant argues that his wife's employment precludes her from receiving alimony pendente lite. This is not the law. As discussed above, the earnings and/or earning capacity of the claimant spouse is only one of several factors to be considered in awarding alimony pendente lite. The claimant spouse's earnings and/or capacity to earn still may not be "sufficient income for maintenance" pending suit. C.C. Art. 148.
Our review of the record supports the trial court's determination that appellee does not have sufficient monthly income for maintenance during the pendency of the suit. Moreover, the record establishes with reasonable certainty that appellant has ample income to provide for the remainder of the appellee's needs. Absent evidence of manifest error, we will not overturn the trial court's findings. Pearce v. Pearce, 348 So.2d 75 (La.1977); Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir. 1984).
Appellant also argues that since his monthly draw against future commissions is treated as a loan from his employer, if the projected commissions are not in fact earned it should not be considered as part of his means. We disagree.
Alimony pendente lite is based upon the standard of support which existed during the time of the marriage. Anderson v. Anderson, 441 So.2d 413 (La.App. 4th Cir.1983). The record shows that appellant routinely took this draw and offset *318 it against commissions he earned in the course of his employment. In effect the money become part of his salary which both parties have expended during the course of the marriage. Given these facts, we conclude that the draw is part of appellant's earning capacity.
For the foregoing reasons, we affirm the judgment of the trial court at appellant's cost.
AFFIRMED.