537 So.2d 1260 (1989)
Barbara Brainard Fairchild, wife of Ralph Berry FAIRCHILD
v.
Ralph Berry FAIRCHILD.
No. 88-CA-0919.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
D. Douglas Howard, Jr., Leslie A. Bonin, New Orleans, for plaintiff/appellee.
Cindy M. Harris, New Orleans, for defendant/appellant.
Before SCHOTT, C.J. and WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
Appellant, Ralph Berry Fairchild, appeals a trial court judgment requiring him to pay monthly child support of $820 for his two minor children, Alexandra, age five, and Berry, age three, and alimony pendente lite of $180 per month to appellee, Barbara Brainard Fairchild. He alleges that the child support is excessive and that the alimony pendente lite was improperly awarded because his wife is capable of obtaining employment.
The parties were married in 1981 and moved to New Orleans when Dr. Fairchild secured a surgical residency at Ochsner Hospital. In July of 1987, Dr. Fairchild moved to Boston to begin a two year fellowship in transplant surgery. Mrs. Fairchild filed a petition for separation seeking child support and alimony pendente lite.
Dr. Fairchild currently receives $33,576 annually as a transplant fellow. In 1985 as a surgical resident he earned $34,343 and in 1986, $42,000. The increased 1986 earnings were produced from working as an emergency room physician in order to meet living expenses.
Dr. Fairchild contends that his wife's expenses are excessive and inflated. For instance, he notes that she is now renting an apartment for $650 per month although the former rent for the family was $500; that she now expends $148 per month for children's clothing; $42 per month on the children's vacations; $117 monthly for children's gifts; $175 monthly for food for the children. Dr. Fairchild maintains that all of these costs are higher than those incurred when they all lived together.
*1261 In setting child support, the trial court looked to the DHHR guidelines which suggest 24-29% of gross income as support for two children. Taking 24% of Dr. Fairchild's gross income of $33,576 yields $8058.24 or $671.57 per month; 29% yields $9737 or $811.42 per month. While the $820 granted for child support is higher than the upper limit of $811.42, the trial court explained that he found Dr. Fairchild's income might be slightly higher than the figure shown. Dr. Fairchild offered no evidence of his expenses in Boston but conceded that the hospital provided him with a room. It is clear that he receives free room and board at the hospital or elsewhere. These benefits represent a significant saving to Dr. Fairchild, although he is prohibited from "moonlighting."
Mrs. Fairchild's expenses appear reasonable for two minor girls. The increased rent and related expenses that Dr. Fairchild contests are supported by the evidence presented by his wife.
In Mosley v. Mosley, 348 So.2d 225 (La. App. 3rd Cir.), writ denied, 350 So.2d 1213 (La.1977), a case in which a father who was head of a university English department quit his job to go to law school, the court found his decision "reasonable and justified," "made in good faith and not in an attempt to avoid his child support obligation" and allowed a reduction in child support based on his reduced income. In the instant case the trial court found Dr. Fairchild's decision to take a transplant residency similarly justified. We agree with that conclusion.
Parents are obliged to support, maintain and educate their children. La. C.C. Art. 227. Child support payments are determined by the needs of the child and the circumstances of the parents paying the support. Although the sum of $820 per month child support is slightly high, the trial court took the DHHR guidelines and case law into consideration in making his determination and his discretion should not be disturbed on appeal. Ecklund v. Ecklund, 513 So.2d 383 (La.App. 4th Cir.1987); Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983). We find that the trial court did not abuse his discretion in setting this award.
In his second assignment of error, appellant argues that he does not owe alimony pendente lite to appellee in light of his income and her ability to work.
C.C. Art. 148 governs alimony pendente lite; it provides:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
This court interpreted Art. 148 in Gravois v. Gravois, 495 So.2d 315, 317 (La.App. 4th Cir.1986), quoting Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.), writ denied, 426 So.2d 179 (La.1983):
Aside from the removal of the sex bias in old article 148, the 1979 amendment also changed the word "shall" to the word "may" in providing for an award of alimony pendente lite. Thus, as article 148 now stands, it is discretionary with the trial court to award alimony pendente lite if the petitioning spouse lacks sufficient income for his or/her support. We find the legislative purpose in making the change in wording from "shall" to "may" to have been to effect a substantive change so that the trial court is not always required to award alimony if other factors are present, such as the petitioning spouse's capacity for self support. If it is apparent a claimant has quit work or is only temporarily unemployed, the judge may exercise his discretion and refuse a pendente lite award or give a decreased amount.
We do not believe, however, the trial court must in all cases expect the petitioning spouse to seek employment immediately. Perhaps, ... when the period of alimony is not likely to be of an extended duration, it is improper to require the petitioning spouse to undergo the new and disarming experience of searching out a job. Nor is it required, depending upon attendant circumstances, that *1262 the claimant seek just any type job or accept the first job offered. However, it is equally improper to refuse to consider the petitioning spouse's earning capacity altogether, when earning capacity, ease of obtaining a job, the care and supervision of children, and the possible duration of alimony pendente lite are all factors to be considered by the trial court.
In the instant case, Mrs. Fairchild as a graduate art student at Tulane University receives a $437.50 monthly stipend for nine months per year. During June through August, she received a total of $500 working part time in an art gallery. Her only sale as an artist produced $400.
While Mrs. Fairchild may not establish her need of alimony pendente lite simply by refusing to work, LeBlanc v. LeBlanc, 405 So.2d 1187 (La.App. 1st Cir. 1981), under Art. 148 she is entitled to be maintained in the same style she enjoyed prior to the separation, Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3rd Cir.1981).
We find that Mrs. Fairchild fulfills the guidelines established in Gravois, supra, because she is the custodial parent of two minors and works part-time. Thus, an award of $180 per month is not manifestly erroneous and is within the sound discretion of the trial court.
Accordingly, for reasons assigned above, the decision of the trial court is affirmed.
AFFIRMED.