GOTHARD, Judge.
Ray A. Els was ordered in the 24th Judicial District Court to pay $1,400.00 alimony pendente lite and $600.00 child support each month. On appeal he argues that these awards were excessive because the trial judge did not take into account the earning capacity of his wife, Deborah.
The Els were married in 1982 and one child was born of this union, Blair, now four years of age.
Mrs. Els, who has been living apart from Mr. Els since May, 1988, testified that she was employed as an X-ray technologist with her husband’s medical corporation and under his supervision from January, 1988 through mid April, 1988, when her husband asked her to leave. She was paid $1,500.00 for the three and one-half months that she worked. She was not employed in 1987. She said that she graduated from high school with a “C” average, that she has never gone to college, and that although she has had some training as a medical dosimetrist, she was not board certified. She stated that her husband had recently spoken with a doctor at East Jefferson General Hospital about employing her, but that she had not applied for any position there.
Mr. Els contends that Mrs. Els should immediately begin employment. He states that as a radiation therapy technician and board certified dosimetrist she could earn in excess of $30,000.00 per yéar. Mrs. Els was asked, during cross examination, whether she had received any certificates of training. She replied that she had trained with a hospital school for one year and passed an exam which certified her as an X-ray technician, but that she had not trained to belong to the medical dosimetry association. She also has never studied physics or calculus. She here claims that considering her husband’s income and assets the trial judge did not award her excessive alimony pendente lite, despite her possible employability. The evidence shows that Mr. Els’ $6,666.67 monthly salary is inclusive of a retirement deduction. In addition, his medical corporation provides for his medical and gasoline expenses.
The trial judge, who has broad discretion in resolving matters of this nature, said that he would consider evidence that Mrs. Els was working at the time of the couple’s separation, but not her past employment.
We cannot say that the trial judge erred in awarding Mrs. Els $1,400.00 monthly alimony pendente lite from Mr. Els’ monthly $6,666.67 salary as a radiological physicist. The amount is proportioned to her stated needs and his means. LSA-C.C. art. 148.
We have reviewed Mr. Els’ proffered evidence and testimony relative to Mrs. Els’ pre-1987 employment history and earning capacity. However, since the intent of LSA-C.C. art. 148 is to preserve the status quo or standard of support as it existed during the marriage, the proffered evidence is irrelevant to a determination of alimony pendente lite due Mrs. Els. The evidence indicates that Mr. Els, and not his wife was the principal wage earner during the marriage. Accordingly, the trial court’s award of alimony pendente lite to Mrs. Els with consideration given her immediate employment history, rather than simply her employability was appropriate. Mrs. Els’ employability may, however, be considered if permanent alimony is requested. See LSA-C.C. art. 160.
Our finding in this matter is supported by the jurisprudence. Lindner v. Lindner, 506 So.2d 609 (La.App. 4th Cir.), reversed, 508 So.2d 57 (La.1987); Mouton v. Mouton, 514 So.2d 528 (La.App. 3rd Cir.1987); Gravois v. Gravois, 495 So.2d 315 (La.App. 4th Cir.1986); Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982) writ denied, 426 So.2d 179 (La.1983); Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir.1980). In Lindner v. Lindner, supra, the fourth circuit affirmed the trial court’s decision to reduce the wife’s alimony pendente lite after ninety days in response to evidence of her earning capacity and professional training as a dental hygienist. In that case the wife had been steadily employed until shortly before her separation. In reversing that opinion, the Supreme Court stated:
*1100 The judgment of the Court of Appeal is reversed and the judgment of the trial court is amended to delete the reduction of alimony pendente lite; the award of $2,231 per month shall continue until final divorce. See C.C. arts. 148 and 160.
We conclude that on the present facts Mrs. Els is no less entitled to alimony pen-dente lite than was the claimant spouse in Lindner v. Lindner, supra. Accordingly, we affirm Mrs. Els’ award of alimony pen-dente lite in the amount of $1,400.00 per month.
Another issue on appeal is the trial court’s error in the amount of the monthly mortgage that Mr. Els was ordered to pay. Mr. Els states that the first and second mortgage notes on the family residence amount to approximately $2,150.00, and not $2,865.00, which is the sum of the monthly notes on all the couple’s properties. Mrs. Els argues against correction, contending that the trial court obviously intender her husband should pay the monthly notes on all their property. The trial court stated:
Mr. Els is required to pay the monthly mortgage notes on the home of twenty-eight hundred and sixty-five dollars; however he will be permitted to claim the principal amount against the community as well as deduct the interest from it. These payments on the mortgages are not alimony nor child support, but Mr. Els is ordered to make the house payments in order that his wife and child can live in the family home.
We feel the trial court’s judgment is clear. Mr. Els was ordered to pay the mortgage notes from the first and second mortgages on the family residence, but not on the couple’s other real estate. Accordingly, we amend the trial court’s judgment to order Mr. Els to pay the monthly mortgages on the family residence in which his wife and child are living. In all other respects the judgment below is affirmed.
AFFIRMED AS AMENDED.