SAVOIE, Judge.
This action commenced with a suit for separation by a wife against her husband. The husband answered and reconvened seeking a separation. After a hearing, the husband was ordered to pay alimony pen-dente lite (alimony) of $1,187 per month to the wife. Later, the husband filed a rule to reduce the alimony award. After a hearing, the trial court reduced the alimony award to $387 per month. This appeal followed.
FACTS
Michael F. Richard (husband) and Jacquelyn Courville Richard (wife) were married on April 2, 1969. Of this union two children were born, namely (1) Stephen C. Richard on October 29; 1969, and (2) Yvette Richard on December 11, 1972. On April 4, 1988, the husband and wife began living separate and apart. This suit was filed on April 29, 1988.
On May 23, 1988, the initial rule for alimony pendente lite was heard in the trial court. The trial court awarded alimony of $1,187, effective June 1, 1988. On September 2, 1988, the husband filed a motion to reduce the alimony asserting that the wife had “received her college degree” and had “the ability to enter the job force”. A hearing on this motion was held on February 21, 1989, and the trial court reduced the alimony to $387 per month, effective April 1, 1989.
The wife was the only witness to testify on the issue of alimony reduction. She testified that in May of 1988, she was a full time student at Southeastern Louisiana University seeking a BA degree in sociology. At this time, her estimated monthly expenses were $2,372. She graduated in December of 1988. She had been offered a job as a counselor at the Towering Pines Juvenile Center in Slidell at a salary of $15,000 per annum. This job would have required her to work from 8:00 a.m. to 4:00 p.m. on Monday through Friday and do some work on Saturdays. She declined this offer for two reasons. First, Towering Pines did not have a staff person with a masters in social work (MSW), as required by law, and she felt the absence of a MSW would be a “career disaster” for her because she “would have been taking on responsibilities that I [she] had no right to do ...”. Second, her sixteen year old daughter (for whom she was the custodial parent) “was quite upset that I’d be working Saturdays for an indefinite period of time.” She was also offered a job at Youth Alternatives in New Orleans at a salary of $900 per month. The job would require her to “live in with the students for one week about every two months, and to also have a rotating shift, day/night shift ...”. She did not accept this job. At the time of the hearing in February of 1989, she was seeking a job interview with the DePaul Hospi *112 tal. In February of 1989, she testified her monthly living expenses were $1,946.53, and were essentially the same as they were in May of 1988.
MODIFICATION OF ALIMONY PENDENTE LITE AWARD
In her only assignment of error, the wife asserts that the “trial court erred in reducing the appellant’s alimony pendente lite based on a belief that it was time for her to go to work and based on a change in her earning capacity when no change in her actual financial circumstances was established.”
The law applicable herein is set forth in Gamp v. Camp, 560 So.2d 469, 471 (La. App. 1st Cir.), writ denied, 563 So.2d 1157 (La.1990) as follows:
To modify a judgment or consent decree awarding alimony ... the party seeking the modification bears the burden of showing there has been a substantial change in circumstances of one, or both, of the spouses. ... Further, the trial court has great discretion in determining alimony ... and its judgment will not be disturbed on appeal in the absence of a clear abuse of discretion. ... (Citations omitted)
The wife’s own testimony established that there was a substantial change in her circumstances from May of 1988 (when she was a full time student with no substantial earning capacity) to February of 1989 (when she had a college degree and the capacity to earn a living for herself as a social worker counselor). An initial or modified award of alimony pendente lite is based on “the needs of the claimant spouse and the means of the other spouse.” La. C.C. art. 148. The capacity of a claimant spouse to earn a living is one of various factors directly related to his or her needs. Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982), writ denied, 426 So.2d 179 (La.1983). A spouse claiming alimony pendente lite may not establish his or her needs by arbitrarily refusing to work. Fairchild v. Fairchild, 537 So.2d 1260 (La.App. 4th Cir.1989). Conversely, a claiming spouse is not precluded from obtaining alimony pendente lite because he or she is obtaining training in an employment field, or does not accept the first available job regardless of circumstances or the amount of income it will produce. Whipple, 424 So.2d at 268.
The wife’s testimony showed that she had the capacity to get jobs earning salaries of from $900 to $1,250 per month ($15,000 per annum). The wife acquired this earning capacity in December of 1988. The trial court, in essence, gave her until April 1, 1989, (over three months) to obtain a job. This is not unreasonable. Thereafter, the trial court reduced her alimony pendente lite by $800 per month ($1,187 to $387), an amount less than her earning capacity. This is not an abuse of discretion under the facts and circumstances of this case.
This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The appellant is cast for the cost of this appeal.
AFFIRMED.